IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
ANDOVER SENIOR CARE, LLC ) Case No. 22-10139
) Chapter 11
Debtor )
_____)

**RESPONSE TO OBJECTIONS TO DEBTOR'S APPLICATION
TO EMPLOY ATTORNEYS TO CONDUCT CHAPTER 11 CASE**

COME NOW Debtor Andover Senior Care, LLC ("Debtor"), by and through its attorney, Mark J. Lazzo, and for its Response to the Objections filed to its Application to Employ (Dkt. 4) and Supplemental Application to Employ (Dkt. 63), states and alleges:

1. Debtor's Application to Employ was filed March 11, 2022 (Dkt. 4), and supplemented by its Supplemental Application filed April 11, 2022 (Dkt. 63). The Application is opposed by creditors Dwight Capital LLC ("Dwight") and the United States of America on behalf of the Department of Housing and Urban Development ("HUD")(Dkt. No.'s 59, 60 and 64). The Application is also opposed by the U.S. Trustee (Dkt. No.'s 57 and 79).

2. HUD and Dwight do not oppose Counsel's employment but, rather, oppose payment from Debtor's operating revenues the legal fees incurred by counsel related to the bankruptcy case.

3. This Court previously ruled that Debtor shall not use post-petition operating revenues for payment of legal fees and expenses for the bankruptcy case. Debtor has, and will continue, to comply with this Order.

4. The U.S. Trustee initially objected to the Application (Dkt. 57) on the grounds of insufficient disclosures, which prompted Debtor's Supplemental Application (Dkt. 63) wherein the additional disclosures sought were made.

5. The U.S. Trustee now opposes counsel's employment on the grounds it is not "disinterested" because counsel was owed $152 at the time this Chapter 11 bankruptcy case was filed.

6. 11 U.S.C. §101(14) defines "disinterested person" to include a requirement that the person not be a creditor, an equity security holder, or an insider. But §1107(b) provides that notwithstanding §327(a), "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

7. An attorney who, on the date of filing, is owed $152 in fees for work performed in the days prior to filing to prepare for the filing of the Chapter 11 case is not disqualified per §1107(b). 7 *Collier on Bankruptcy*, ¶1107.04[3][b] at 1107-14 states that although "[a] majority of courts have concluded that a professional who is a creditor may not be retained, [a] minority of courts have taken a more flexible approach and have attempted to balance potential risks associated with employing a professional who is not disinterested with the costs of retaining a substitute professional who is disinterested." Id. at ¶1107.04[3][c] at 1107-17. *Collier on Bankruptcy* also notes that "[e]ven courts that adhere to the *per se* rule have held that professionals holding claims for services rendered prior to the commencement of the chapter 11 case are not thereby barred from representing the debtor in possession if the services were rendered in preparation for the bankruptcy filing." Id. at ¶1107.04[3][b] at 1107-16.

8. In *In re Martin*, 817 F. 2d 175, 180 n. 5 (1st Cir. 1987), the First Circuit Court of Appeals stated, "the performance of standard prepetition services, *i.e.*, preliminary work routinely

2

undertaken to facilitate an upcoming chapter 11 filing, will not serve to disqualify an otherwise eligible attorney." The court reasoned as follows:

> At first blush, [§327(a)] . . . would seem to foreclose the employment of an attorney who is in any respect a "creditor." But, such literalistic reading defies common sense and must be discarded as grossly overbroad. After all, any attorney who may be retained or appointed to render professional services to a debtor in possession becomes a creditor of the estate just as soon as any compensable time is spent on account. Thus, to interpret the law in such an inelastic way would virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a pro bono basis. It stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor" a lawyer, not previously owed back fees or other indebtedness, who is authorized by the court to represent a debtor in connection with reorganization proceedings – notwithstanding that the lawyer will almost instantaneously become a creditor of the estate with regard to the charges endemic to current and future representation.

Id. at 180.

To disqualify counsel because he was owed $152 on the date of filing for services provided to prepare Debtor's bankruptcy filing would defy common sense. The Tenth Circuit appears not have taken a position on the question, but counsel is confident it would not find the existence of a $152 claim sufficient to preclude appointment or deny allowance of the fees. The possibility that the claim would affect counsel's representation of the Debtor is nonexistent.

    Respectfully submitted,

    */s/ Mark J. Lazzo*
    Mark J. Lazzo, #12790
    LAZZO LAW, P.A.
    3500 N. Rock Rd.
    Building 300, Suite B
    Wichita, Kansas 67226
    P: (316) 263-6895
    F: (316) 264-4704
    justin@lazzolaw.com
    Attorney for Debtor

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on the 25th day of April, 2022, with the United States Bankruptcy Court for the District of Kansas, and shall be served on parties in interest via e-mail pursuant to CM/ECF, as set out on the Notice of Electronic Filing as issued by the Court.

             */s/ Mark J. Lazzo*
             Mark J. Lazzo, #12790