IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDOVER SENIOR CARE, LLC, | ) | Case No. 22-10139 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## SECURED CREDITOR'S MOTION TO COMPEL
## DEBTOR TO PRODUCE DOCUMENTS

COMES NOW Secured Creditor Dwight Capital LLC, ("Secured Creditor"), secured creditor and party in interest, by and through its attorneys of record, and hereby moves the Court to compel Debtor to produce the SNF Census Data, as defined herein. In support thereof, Secured Creditor states:

1. On or about March 21, 2020, Secured Creditor made a loan (the "Loan") to Debtor in the original principal amount of $14,058,200.00. [*See* generally Dkt 41-1]. The Loan is evidenced by the Loan Documents[1]. [*Id.*]

2. As a condition of the Loan, Debtor is required to provide documents, including its books, records, accounting, operating budgets and occupancy, and other reports, to HUD or HUD's authorized representatives at their request. [*See, e.g.*, Dkt. 41-1 at 108 (Borrower Regulatory Agreement ¶¶ 19(d), (e); 110 (¶ 24)].

3. On or about March 11, 2022, Debtor filed for Bankruptcy. [*See* Dkt. 1]. Because Debtor's schedules suggested that Secured Creditor may be undersecured, [*see id.*], Secured

---

[1] Loan Documents" means, collectively, the Healthcare Facility Note (the "Note"), the Multifamily Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (Kansas) (the "Security Agreement"), the Operator Security Agreement, the Deposit Account Control Agreement (the "DACA"), the Healthcare Regulatory Agreement – Borrower (the "Borrower Regulatory Agreement"), the Healthcare Regulatory Agreement - Operator, as well as all UCC financing statements and all other related agreements, documents, notes, certificates, and instruments executed and/or delivered in connection with the Loan.

Creditor engaged Valuation & Information Group ("VIG" or the "Appraiser") to appraise the Assisted Living Facility ("ALF") and the Skilled Nursing Facility ("SNF") (collectively, the "Healthcare Facilities"), which are part of Secured Creditor's Collateral[2] [*see Exhibit 1* - Declaration of Jessica A. Rodriguez in Support of Secured Creditor's Motion to Compel Debtor to Produce Documents ("Rodriguez Decl.") ¶ 3; *Exhibit 2* - Declaration of JP LoMonaco in Support of Secured Creditor's Motion to Compel Debtor to Produce Documents ("LoMonaco Decl.") ¶ 3].

4. Secured Creditor recognizes that obtaining an accurate appraisal of its collateral in a timely manner is critical to the swift and efficient administration of this matter. [See Rodriguez Decl. ¶ 3]. Therefore, as the Appraiser identified information that would increase the accuracy of the appraisal, Secured Creditor quickly took steps to provide such information by searching its own records and, when necessary, seeking the information from Debtor. [*See* Rodriguez Decl. ¶ 4].

5. On April 19, 2022, VIG requested, among other documents, the SNF census data for 2019, 2020, and Q4 2021 (collectively, the "SNF Census Data") and the ALF census data for 2019, 2020, and Q4 2021 (collectively, the "ALF Census Data"). [*See* LoMonaco Decl. ¶ 4].

6. On April 25, 2022, after searching its own records, Secured Creditor emailed Debtor requesting the SNF Census Data and the ALF Census Data and explaining that the information was necessary to maximize the accuracy of the appraisal. [*See* Rodriguez Decl. ¶¶ 5-

---

[2] "Collateral" refers to the property securing the Loan, including, but not limited to the healthcare facility commonly known as Victoria Falls, the real property legally described in the Loan Documents upon which the healthcare facility is located, Debtor's intangible personal property, including but not limited to, accounts, licenses, permits, contract rights, and general intangibles of Debtor, including but not limited to accounts receivable, bank accounts, certificates of deposits, insurance proceeds, and causes of action.

6]. Receiving no response, Secured Creditor contacted Debtor again on April 29, 2022, seeking the information. [*See* Rodriguez Decl. ¶¶ 6-7].

7. Still receiving no response from Debtor, Secured Creditor sent a third request for the Census Data on May 2, 2022. [*See* Rodriguez Decl. ¶¶ 7, 9]. In response to a request from VIG on April 29, 2022, Secured Creditor's counsel also requested the January 2022, February 2022, and March 2022 rent rolls for the ALF showing a breakdown of rent by payor type (collectively, the "Rent Rolls"). [*See* Rodriguez Decl. ¶¶ 8-9; LoMonaco Decl. ¶ 5]. Still receiving no response from Debtor, Secured Creditor again requested the Census Data and the Rent Rolls on May 3, 2022, May 5, 2022, and May 9, 2022. [*See* Rodriguez Decl. ¶¶ 9-12].

8. Given Debtor's refusal to produce the information, Secured Creditor sent Debtor a formal letter on May 9, 2022, again requesting the Census Data and the Rent Rolls. The letter also outlined the clear legal authority for Secured Creditor's request under Fed. R. Bankr. P. 2004. [*See* Rodriguez Decl. ¶¶ 12-13].

9. On May 11, 2022, Debtor provided the ALF Census Data and the Rent Rolls. Debtor refused, however, to provide the SNF Census Data. [*See* Rodriguez Decl. ¶ 14].

10. On May 12, 2022, Secured Creditor again explained that the SNF Census Data is necessary for the Appraiser to maximize the accuracy of its valuation. [*See* Rodriguez Decl. ¶ 15]. The accuracy of the appraisal is critical, since it will ultimately impact Secured Creditor's ability to evaluate a potential sale of its Collateral or a proposed plan. Secured Creditor urged Debtor to re-evaluate its position and produce the SNF Census Data. [*See id.*].

11. At the May 19, 2022 Status Conference, the parties informed the Court of an ongoing dispute regarding the SNF Census Data. The Court ordered that, in lieu of a Fed. Bankr.

R. 2004 examination, Secured Creditor should file this Motion to Compel so that the Court could order production of the SNF Census Data. [*See* Dkt. 97].

12. Given the narrow scope of its request at this time, Secured Creditor sought to informally request the SNF Census Data so that both parties could avoid a costly and burdensome Rule 2004 examination. [*See* Rodriguez Decl. ¶ 16].

13. However, Secured Creditor's request for the SNF Census Data is clearly permissible under Fed. R. Bankr. P. 2004. Rule 2004 allows parties to seek a breadth of information from a debtor, specifically allowing the examination of anything relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administrations of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). In a Chapter 11 case, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, an any other matter relevant to the case or to the formulation of a plan." *Id.*

14. Secured Creditor's request for the SNF Census Data falls squarely within the scope of Rule 2004, as it relates to the financial value of the property and of the debtor's business and is relevant to the case and the formulation of a plan. Despite Debtor's unfounded claims to the contrary, Secured Creditor seeks the information on behalf of the Appraiser to ensure that the final appraisal is as accurate as possible. [*See* LoMonaco Decl. ¶ 6; Rodriguez Decl. ¶ 17].

15. Additionally, the value of the SNF is highly relevant to contested matters before this Court, including, but not limited to, the use of cash collateral and, potentially, Debtor's sale

of the SNF. Therefore, Secured Creditor's request for the SNF Census Data to aid in an appraisal of Secured Creditor's collateral is also appropriate under Fed. R. Bankr. P. 9014(c), which incorporates Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(b)(1). Because the SNF Census Data is nonprivileged information that is not only relevant to Dwight's claims and defenses but critically important to resolving a number of issues before this Court, now and in the future, and the request is narrowly tailored to be proportional to the needs of the case and not burdensome to Debtor, who likely has this information readily available and saved as part of its normal course of business, Secured Creditor has clear authority to obtain the SNF Census Data. *See* Fed. R. Civ. P. 26(b)(1).

16. Therefore, Secured Creditor has clear authority under both Fed. R. Bankr. P. 2004 and Fed. R. Bankr. P. 9014(c) to obtain the SNF Census Data, despite Debtor's baseless contention that Secured Creditor plans to use the information for a nefarious purpose. While Debtor certainly may oppose any legal argument that Secured Creditor may make at a later date, Debtor may not withhold information that Secured Creditor is clearly entitled to under the Bankruptcy Rules.

17. Rather than requiring a Fed. Bankr. R. 2004 examination or a formal discovery request pursuant to Fed. Bankr. R. 9014 just to obtain the SNF Census Data, this Court should order production of the SNF Census Data as Secured Creditor has established its entitlement to the information under the Bankruptcy Rules. Attached as *Exhibit 3* is the proposed order granting this Motion.

WHEREFORE Secured Creditor respectfully requests that the Court enter an order compelling Debtor to produce the SNF Census Data to Secured Creditor within 72 hours of the Court's order.

| | |
|---|---|
| Dated: May 24, 2022 | Respectfully submitted, |
| **MORRIS, MANNING & MARTIN, LLP** | **HINKLE LAW FIRM LLC** |
| Bonnie Hochman Rothell, Esq.<br>   (Admitted *Pro Hac Vice*)<br>D.C. Bar No.: 421606<br>Jessica A. Rodriguez, Esq.<br>    (Admitted *Pro Hac Vice*)<br>D.C. Bar No.: 1024134<br>1401 Eye Street, N.W.<br>Suite 600<br>Washington, D.C. 20005<br>Phone:  (202) 216-4106<br>Fax:  (202) 408-5146<br>Email:  bhrothell@mmmlaw.com<br>Email:  jrodriguez@mmmlaw.com<br><br>*Lead Counsel for Secured Creditor,*<br>*Dwight Capital LLC* | /s/ Nicholas R. Grillot<br>1617 N. Waterfront Parkway, Ste. 400<br>Wichita, KS 67206-6639<br>Phone:  (316) 660-6211<br>Fax:  (316) 660-6523<br>Email:  ngrillot@hinklaw.com<br><br>*Local Counsel for Secured Creditor,*<br>*Dwight Capital LLC* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2022, a true and correct copy of the SECURED CREDITOR'S MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS was electronically filed with the Court using the NextGen CM/ECF system, which sent notification to all parties of interest participating in the NextGen, CM/ECF system pursuant to Federal Rules of Bankruptcy Procedure 2002, 7004 and 9014.

/s/ Tammy Hohstadt
Tammy Hohstadt, PLS
Legal Assistant to Nicholas R. Grillot