EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANDOVER SENIOR CARE, LLC, ) | Case No. 22-10139 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### DECLARATION OF JESSICA A. RODRIGUEZ IN SUPPORT OF SECURED CREDITOR'S MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS

I, Jessica A. Rodriguez, state:

1. I am an attorney at law licensed to practice in the commonwealth of Virginia and the District of Columbia. I am an associate at the firm of Morris, Manning & Martin, LLP, counsel for Secured Creditor Dwight Capital LLC. By virtue of my representation of Secured Creditor in this matter, I have personal knowledge of the facts set forth below, and could and would testify competently to those facts if called to do so.

2. All capitalized terms are used herein as they are defined in *Secured Creditor's Motion to Compel Debtor to Produce Documents*.

3. Secured Creditor engaged VIG to appraise the Healthcare Facilities on or about April 5, 2022. Secured Creditor recognizes that, in order to take an informed position on issues that will quickly be before this Court, Secured Creditor needs to have an accurate appraisal of its Collateral, including the Healthcare Facilities.

4. Upon receiving requests for information from the Appraiser, Secured Creditor first searched its own records for the information. However, to the extent Secured Creditor did not have the requested information in its possession, it promptly contacted Debtor and requested the information.

5. After receiving the Appraiser's request for additional information, including but not limited to the SNF Census Data and the ALF Census Data, on April 19, 2022, Secured Creditor searched its own records and sent Appraiser the requested information that was in Secured Creditor's possession. Secured Creditor did not, however, have the SNF Census Data or the ALF Census Data in its possession.

6. On April 25, 2022, I emailed Debtor's counsel, Mark Lazzo, and requested the SNF Census Data and the ALF Census Data. I did not receive a response to this request.

7. On April 29, 2022, I emailed Debtor's counsel, Mark Lazzo, and reiterated the request for the SNF Census Data and the ALF Census Data. I did not receive a response to this request.

8. On April 29, 2022, the Appraiser followed up on the request for the SNF Census Data and ALF Census Data and also requested the Rent Rolls.

9. On May 2, 2022, I emailed Debtor's counsel, Mark Lazzo, and reiterated the request for the SNF Census Data, the ALF Census Data, and the Rent Rolls. I did not receive a response to this request.

10. On May 3, 2022, I emailed Debtor's counsel, Mark Lazzo, and reiterated the request for the SNF Census Data, the ALF Census Data, and the Rent Rolls. I did not receive a response to this request.

11. On May 5, 2022, I spoke with Debtor's counsel, Mark Lazzo, and reiterated the request for the SNF Census Data, the ALF Census Data, and the Rent Rolls. Debtor's counsel expressed an unwillingness to produce the documents, but said he would confer with his client about the request.

12. On May 9, 2022, I emailed Debtor's counsel, Mark Lazzo, and reiterated the request for the SNF Census Data, the ALF Census Data, and the Rent Rolls. I did not receive a response to this request.

13. On May 9, 2022, Secured Creditor sent a letter to Debtor's counsel, Mark Lazzo, reiterating the request for the SNF Census Data, the ALF Census Data, and the Rent Rolls and setting forth Federal Bankruptcy Rule of Civil Procedure 2004's legal support for the request.

14. On May 11, 2022, I received a response from Debtor's counsel, Mark Lazzo, with the ALF Census Data and the Rent Rolls attached. Debtor's counsel, however, objected to the production of the SNF Census Data.

15. On May 12, 2022, our office responded to Debtor's counsel and reiterated that the SNF Census Data is necessary for the Appraiser to maximize the accuracy of its valuation. Our office reiterated that the accuracy of the appraisal is critical, since it will ultimately impact Secured Creditor's ability to evaluate a potential sale of its Collateral or a proposed plan, and urged Debtor to re-evaluate its position and produce the SNF Census Data.

16. Although Debtor was largely unresponsive to Secured Creditor's requests, Secured Creditor repeatedly attempted to cooperate with Debtor to informally share information so that the parties could avoid a costly and burdensome Rule 2004 examination, especially given the narrow scope of the information sought.

17. Secured Creditor seeks the SNF Census Data at the request of the Appraiser.

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 24th day May, 2022.

*Jessica Rodriguez* (signature)
Jessica A. Rodriguez